FILED
2007 Apr-03 AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2007 APR -2 PM 4:02

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**SHIRLEY E. VAUGHN, as Personal Representative of the Estate of ANNIE MAE ALLEN, deceased,**

**Plaintiff,**

**v.**

**PFIZER INC., a Delaware corporation; PHARMACIA & UPJOHN LLC, a Delaware company; PHARMACIA CORPORATION, f/k/a 1933 MONSANTO, a Delaware corporation; G.D. SEARLE, LLC., a Delaware corporation;**

**Defendants.**

CV-07-HS-0586-S

**CIVIL ACTION NO.:________**

**JURY DEMAND**

## COMPLAINT

Plaintiff, SHIRLEY E. VAUGHN, as Personal Representative of the Estate of ANNIE MAE ALLEN, (hereinafter "PLAINTIFF"), by and through her counsel of record, alleges in her complaint against the Defendants, PFIZER INC., PHARMACIA & UPJOHN COMPANY LLC, PHARMACIA CORPORATION, f/k/a 1933 MONSANTO, and G.D. SEARLE LLC, as follows:

## JURISDICTION

Plaintiff, Shirley E. Vaughn, as Personal Representative of the Estate of Annie Mae Allen., is a citizen of the State of Alabama. Defendant, Pfizer Inc., (hereinafter "PFIZER"), was and is a pharmaceutical company incorporated under the laws of the

State of Delaware with its principal place of business in Delaware. Defendant, Pharmacia & Upjohn LLC (hereinafter "PHARMACIA"), was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in Delaware. Defendant, Pharmacia Corporation, (hereinafter "PHARMACIA CORPORATION"), was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in Delaware. Defendant, G.D. Searle, LLC, (hereinafter "G.D. SEARLE"), was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in Delaware. Plaintiff's claims exceed the amount of Seventy-Five Thousand and 00/100's Dollars ($75,000.00), exclusive of interest and costs. Accordingly, this Court has jurisdiction over these claims and parties pursuant to 28 U.S.C.A. § 1332. (Diversity is "complete.")

**STATEMENT OF THE PARTIES**

1. Plaintiff's decedent, ANNIE MAE ALLEN, at all times relevant hereto, has resided in Alabama and took the brand-name prescription drug, Celebrex.

2. Upon information and belief, Defendant Pfizer Inc., was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in New York. Defendant, PFIZER, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

3. Upon information and belief, Defendant Pharmacia & Upjohn LLC, was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in New York. Defendant, PHARMACIA, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

4. Upon information and belief, Defendant Pharmacia Corporation f/d/b/a 1933 Monsanto, a subsidiary of Pharmacia, was and is a Delaware corporation with its principal place of business in Missouri. Defendant, PHARMACIA CORPORATION, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

5. Upon information and belief, Defendant G.D. Searle, LLC., a subsidiary unit of Monsanto, was and is a Delaware corporation with its principal place of business in Illinois. Defendant, G.D. SEARLE, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

**FACTUAL ALLEGATIONS**

6. This action arises from the sales and efficacy of Celebrex. Celebrex is a selective COX-2 inhibitor marketed by the Defendants for the treatment of arthritis and pain.

7. Defendants distributed, prescribed and/or sold Celebrex to consumers such as Ann Allen.

8. Despite knowledge in its clinical trials and post-marketing reports, studies and information relating to cardiovascular-related adverse health effects, Defendants promoted, marketed, distributed and/or prescribed Celebrex as safe and effective for persons such as the Decedent.

9. Defendants concealed the serious cardiovascular risks associated with Celebrex.

10. If Defendants had not engaged in this conduct, prescribers such as ANN ALLEN'S treating physicians would not have prescribed Celebrex and patients, such as ANN ALLEN, would have switched from Celebrex, to safer products or would have refrained wholly from any use of Celebrex.

11. Defendants engaged in a common scheme in marketing, distributing, prescribing and/or selling Celebrex under the guise that it was safe and efficacious for persons such as ANN ALLEN.

12. Plaintiff alleges that the suppression of this information constituted a common scheme by Defendants to conceal material information from ANN ALLEN.

13. Plaintiff alleges that the marketing strategies, including without limiting the detail and sampling programs and direct-to-consumer advertising, the Defendants targeted ANN ALLEN to induce her to purchase Celebrex. At the time the Defendants manufactured, marketed, distributed and/or sold Celebrex, Defendants intended that ANN ALLEN would rely on the marketing, advertisements and product information propounded by Defendants.

14. The actions of Defendants, in failing to warn of the clear and present danger posed to others by the use of their drug, Celebrex, in suppressing evidence relating to this danger and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct as to warrant the imposition of exemplary damages against Defendants.

**COUNT I: NEGLIGENCE**

15. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

16. Defendants, directly or indirectly, negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised, or sold Celebrex

in the stream of commerce, when the Defendants knew, or in the exercise of ordinary care, should have known that Celebrex posed a significant risk to the Plaintiff's health and well-being, which risk was not known to ANN ALLEN or her prescribers.

17. At all times material hereto, Defendants had a duty to ANN ALLEN to exercise reasonable care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling or sale of Celebrex.

18. Defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward ANN ALLEN in that the Defendants:

a. Failed to include adequate warnings with the medications that would alert her and other consumers to the potential risks and serious side effects of Celebrex ingestion;

b. Failed to include adequate information or warnings with the medication that would alert ANN ALLEN and the health care community to refrain from use of Celebrex without first prescribing traditional NSAIDs such as naproxen or ibuprofen;

c. Failed to adequately and properly test Celebrex before and after placing it on the market;

d. Failed to conduct sufficient testing on Celebrex which, if properly performed, would have shown that Celebrex had serious side effects, including, but not limited to the cardiovascular events;

e. Failed to adequately warn ANN ALLEN and her health care providers that use of Celebrex carried a risk of cardiovascular events, stroke and death; among other serious side effects;

f. Failed to provide adequate post-marketing warnings or instructions after the Defendants knew or should have known of the significant risks of personal injury and death as identified herein among other serious side effects from the use of Celebrex;

g. Failed to adequately warn ANN ALLEN that Celebrex should not be used in conjunction with any risk factors for these adverse effects such as a family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

h. Failed to adequately disclose and warn ANN ALLEN that she undertook the risk of adverse events and death as described herein;

i. Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Celebrex ingestion.

19. Defendants knew or should have known that Celebrex caused unreasonably dangerous risks and serious side effects, including death, of which ANN ALLEN would not be aware. Defendants nevertheless advertised, marketed, sold and distributed the drug knowing that there were safer methods and products.

20. As a direct and proximate result of the negligence and breach of Defendants, ANN ALLEN sustained serious injuries and was caused to die. Defendants owed a duty to her to use reasonable care in their actions.

## COUNT II: NEGLIGENT FAILURE TO WARN

21. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

22. Celebrex was not accompanied by appropriate warnings of the increased risk of adverse side effects caused by the ingestion of Celebrex.

23. Defendants negligently failed to warn consumers who took Celebrex that it was dangerous.

24. Defendants' negligence was the proximate cause of the death suffered by ANN ALLEN.

25. As a direct and proximate cause of Defendants' negligence ANN ALLEN suffered personal injuries and was caused to die.

## COUNT III: MISREPRESENTATION AND SUPPRESSION

26. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

27. Defendants misrepresented to ANN ALLEN and the health care industry the safety and effectiveness of Celebrex and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Celebrex.

28. Defendants made misrepresentations and actively concealed adverse information at a time when the Defendants knew, or should have known, that Celebrex had defects, dangers, and characteristics that were other than what the Defendants had represented to ANN ALLEN and the health care industry generally. Specifically, Defendants misrepresented and/or actively concealed from ANN ALLEN and the health care industry and consuming public that:

a. Celebrex had statistically significant increases in cardiovascular side effects which could result in serious injury or death;

b. There had been insufficient and/or company-spun studies regarding the safety and efficacy of Celebrex before and after its product launch;

c. Celebrex was not fully and adequately tested for the cardiovascular side effects at issue herein;

d. Other testing and studies showed the risk of or actual serious adverse risks;

e. There was a greatly increased risk of such cardiovascular events and death.

29. The misrepresentations of and/or active concealment alleged were perpetuated

directly and/or indirectly by Defendants.

30. Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that ANN ALLEN would rely on them, leading to her use of Celebrex.

31. At the time of Defendants' fraudulent misrepresentations, ANN ALLEN was unaware of the falsity of the statements being made and believed them to be true. ANN ALLEN had no knowledge of the information concealed and/or suppressed by Defendants.

32. Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendants did suppress, conceal or failed to disclose to ANN ALLEN's detriment.

33. Defendants had a post-sale duty to warn ANN ALLEN and the public about the potential risks and complications associated with Celebrex in a timely manner.

34. The misrepresentations and active fraudulent concealment by the Defendants constitute a continuing tort against ANN ALLEN, who ingested Celebrex.

35. Defendants made the misrepresentations and actively concealed information about the defects and dangers of Celebrex with the intention and specific desire that ANN ALLEN's healthcare professionals and the consuming public would rely on such or the absence of information in selecting Celebrex as treatment.

36. As a direct and proximate result of the fraudulent acts and omissions, suppression and misrepresentation of Defendants, ANN ALLEN suffered significant and ongoing injury and death.

## COUNT IV: BREACH OF WARRANTY

37. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

38. When Defendants placed Celebrex into the stream of commerce, Defendants knew of the use for which it was intended and expressly and impliedly warranted to ANN ALLEN that use of Celebrex was safe and acceptable means of treatment.

39. ANN ALLEN reasonably relied upon the expertise, skill, judgment and knowledge of the Defendants and upon the express and/or implied warranty that Celebrex was of merchantable quality and fit for use as intended.

40. Celebrex was not of merchantable quality and was not safe or fit for its intended use because it was and continues to be unreasonably dangerous and unfit for the ordinary purpose for which it is used in that it caused injury to ANN ALLEN. Defendants breached the warranty because Celebrex was unduly dangerous in expected use and did cause undue injury to her and death.

41. Defendants breached the implied warranty of merchantability because Celebrex cannot pass without objection in the trade, is unsafe, not merchantable, and unfit for its' ordinary use when sold, and is not adequately packaged and labeled.

42. As a direct and proximate result of Defendants' breach of the warranty of merchantability, ANN ALLEN sustained serious injuries and death.

## COUNT V: BREACH OF EXPRESS WARRANTY

43. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

44. Defendants expressly warranted to the market, including ANN ALLEN, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials to the health care community, that Celebrex was safe, effective, fit and proper for its intended use.

45. In using Celebrex, ANN ALLEN relied on the skill, judgment, representations, and foregoing express warranties of the Defendants. These warranties and representations provided to be false because the product was not safe and was unfit for the use for which it was intended.

46. As a direct and proximate result of Defendants' breaches of warranties, ANN ALLEN was injured and was caused to die.

**COUNT VI: FRAUD**

47. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

48. Defendants committed actual fraud by making material representations, which were false, knowing that such material representations were false and/or with reckless disregard for the truth or falsity of such material representations, with the intent that the Plaintiff rely on such material representations; ANN ALLEN acted in actual and justifiable reliance on such material misrepresentations and was injured as a result.

49. In addition, and in the alternative if necessary, Defendants knowingly omitted material information, which omission constitutes a positive misrepresentation of material fact, with the intent that ANN ALLEN rely on Defendants'

misrepresentations; she acted in actual and justifiable reliance on Defendants' representations and was injured and died as a result.

50. Defendants committed constructive fraud by breaching one or more legal or equitable duties owed to ANN ALLEN relating to Celebrex at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to public interests or public policy.

## COUNT VII: ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)

51. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

52. Defendants are liable to the Plaintiff pursuant to the AEMLD. Defendants are in the business of manufacturing, distributing, and marketing Celebrex. Defendants manufactured, distributed, and marketed Celebrex which was in a defective condition, and unreasonably dangerous when applied to its intended use in the usual, foreseeable, and customary manner. ANN ALLEN, while consuming Celebrex in the usual and customary manner, as such was intended to be used, was injured and damaged as a proximate result of Defendants placing the product on the market. Celebrex was unreasonably dangerous at the time such was placed on the market by Defendants. Celebrex, at the time of ANN ALLEN's injuries and

damages, was in substantially the same condition as when marketed by Defendants.

53. Defendants negligently or wantonly failed to give reasonable and adequate warning of dangers of Celebrex known to Defendants, or which in the exercise of reasonable care should have been known to the Defendants, and which ANN ALLEN could not obviously discover.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, as well as all costs of this action, to the full extent of the law, including:

(a) Damages to compensate Plaintiff for ANN ALLEN's death.

(b) Damages for the wanton, reckless, intentional and/or wrongful conduct of the Defendant and to punish and deter similar wrongful conduct;

(c) Punitive damages; and

(d) Such other applicable damages as the Court deems appropriate.

Respectfully submitted,

Tom Dutton (ASB-2059-U509T)
Elisabeth French (ASB- 3527-T81E)
Counsel for Plaintiff

OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: phdkh-efiling@pdkhlaw.com

**JURY DEMAND**

Plaintiff hereby demands a struck jury for the trial in this cause.

Of Counsel for Plaintiff

PLAINTIFF'S ADDRESS:

Shirley E. Vaughn
771 Trailwood Drive, East
Mobile, Alabama 36608

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Pfizer Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Pharmacia & Upjohn LLC
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Pharmacia Corporation f/k/a 1933 Monsanto
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

G.D. Searle LLC
1209 N. Orange Street

Wilmington, DE 19801-1120