# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| SHIRLEY VAUGHN, as Personal )<br>Representative of the Estate of ANNIE )<br>MAE ALLEN, deceased, )<br>　　Plaintiff, )<br>　　　　　　)<br>v.　　　　　　)<br>　　　　　　)<br>　　　　　　)<br>PFIZER INC., a Delaware corporation; )<br>PHARMACIA & UPJOHN COMPANY, )<br>A Delaware company; PHARMACIA )<br>CORPORATION, f/k/a 1933 )<br>MONSANTO, A Delaware corporation; )<br>G.D. SEARLE, LLC., a Delaware )<br>corporation; )<br>　　　　　　)<br>　　Defendants. ) | CIVIL ACTION NO:<br>CV-07-HS-0586-S |

## ANSWER AND DEFENSES OF DEFENDANTS
## TO PLAINTIFF'S COMPLAINT

Defendants Pfizer Inc. ("Pfizer"), Pharmacia & Upjohn Company

LLC ("Upjohn") (improperly captioned in Plaintiffs' Complaint as

"Pharmacia & Upjohn Company"), Pharmacia Corporation ("Pharmacia")

and G.D. Searle LLC ("Searle") (improperly captioned in Plaintiffs

Complaint as "G.D. Searle, LLC), (collectively the "Defendants") hereby

answer Plaintiff's Complaint in this action and state as follows:

## PRELIMINARY STATEMENT

The Complaint does not state when Plaintiff's Decedent, Annie Mae Allen, was prescribed or used Celebrex® and, as such, this Answer can only be drafted generally and without reference to a specific period in time. Defendants reserve the right to amend this Answer if or when discovery reveals the time period in which the Decedent was prescribed and used Celebrex®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

### ANSWERING:
### JURISDICTION

Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in sentence 1, and therefore deny the same. Defendants admit that Pfizer is a pharmaceutical company incorporated under the law of the State of Delaware, but deny that Pfizer's principal place of business is in Delaware. Defendants admit that Upjohn is a pharmaceutical company incorporated under the laws of the State of Delaware, but deny that Upjohn's principal place of business is in Delaware.

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

Defendants admit that Pharmacia is a pharmaceutical company incorporated under the laws of Delaware, but deny that that Pharmacia's principal place of business is in Delaware. Defendants admit that Searle is a pharmaceutical company incorporated under the laws of the State of Delaware, but deny that Searle's principal place of business is in Delaware. Defendants admit that Plaintiff has put greater than $75,000 at issue, but Defendants deny that there is any legal or factual basis for such relief. Defendants admit the remaining allegations contained in this Paragraph.

## ANSWERING:
## STATEMENT OF THE PARTIES

1.  Answering Paragraph 1, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegation contained in Paragraph 1, and therefore deny the same.

2.  Answering Paragraph 2, Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York and is registered to do business in Alabama. Defendants admit that, during certain period(s) of time, Pfizer co-promoted and marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Except as admitted herein, Defendants deny the allegations of Paragraph 2.

3

3.     Answering Paragraph 3, Defendants admit that Pharmacia & Upjohn Company LLC is a limited liability company whose sole member is Pharmacia & Upjohn LLC, which is a limited liability company whose sole member is Pharmacia Corporation, which is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  Except as admitted herein, Defendants deny the allegations of Paragraph 3.

4.     Answering Paragraph 4, Defendants admit that Pharmacia is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey, and is registered to do business in Alabama.  Defendants admit that, during certain period(s) of time, Pfizer co-promoted and marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Except as admitted herein, Defendants deny the allegations of Paragraph 4.

5.     Answering Paragraph 5, Defendants admit that Searle is a wholly-owned subsidiary of Pharmacia Corporation, which is in turn a wholly-owned subsidiary of Pfizer.  Searle is a Delaware limited liability company with its principal place of business in Illinois and that it is registered to do business in Alabama.  Defendants admit that, during certain

4

period(s) of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Except as admitted herein, Defendants deny the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

6.      Answering Paragraph 6, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in sentence 1, and therefore deny the same.   As to sentence 2, Defendants state that Celebrex® is a selective COX-2 inhibitor.  Defendants state that, during certain period(s) of time, Pfizer co-promoted and marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Except as admitted herein, Defendants deny the allegations of Paragraph 6 that relate to Defendants.

7.      Answering Paragraph 7, Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States.  Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has

5

marketed and co-promoted Celebrex® at certain times in the United States. Defendants deny prescribing Celebrex® to consumers as no named defendant is a licensed physician. Defendants incorporate their responses to Paragraphs 2-5. Except as admitted herein, Defendants deny the allegations of Paragraph 7.

8. Answering Paragraph 8, Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States. Except as admitted herein, Defendants deny the allegations of Paragraph 8 of the Complaint.

9. With regard to the allegations contained in Paragraph 9 of the Complaint, Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as admitted herein, Defendants deny the allegation contained in Paragraph 9 of the Complaint.

10. With regard to the allegations contained in Paragraph 10 of the Complaint, Defendants state that Celebrex® is safe and effective when used

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

in accordance with its FDA-approved prescribing information. Except as admitted herein, Defendants deny the allegations contained in Paragraph 10.

11. With regard to the allegations contained in Paragraph 11 of the Complaint, Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Except as admitted herein, Defendants deny the allegations contained in Paragraph 10.

12. With regard to the allegations contained in Paragraph 12 of the Complaint, Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as admitted herein, Defendants deny the allegation contained in Paragraph 12 of the Complaint.

13. Answering Paragraph 13, Defendants deny the allegations contained therein.

14. Answering Paragraph 14, Defendants deny the allegations contained therein. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

7

**ANSWERING:**
**COUNT I:**
**<u>NELIGENCE</u>**

15.     Answering Paragraph 15, Defendants incorporate their responses to Paragraphs 1-14 as if set forth fully herein.

16.     With regard to the allegations contained in Paragraph 16 of the Complaint, Defendants admit that, during certain periods of time following FDA approval, Pfizer marketed and co-promoted Celebrex® for the indicated uses set out in the relevant FDA approved prescribing information. Pharmacia also marketed Celebrex® for the indicated uses set out in the relevant FDA-approved prescribing information.  Defendants also state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as admitted herein, Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Answering Paragraph 17, Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

response is deemed required, Defendants admit that they have such duties as are imposed by applicable law.  Except as stated herein, Defendants deny the allegations contained in Paragraph 17.

18.     Answering Paragraph 18, inclusive of any subpart thereto, Defendants deny the allegations contained therein that are related to Defendants.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

19.     Answering Paragraph 19, Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

20.     Answering Paragraph 20, Defendants admit that they have such duties as are imposed by applicable law, but deny any breach of any such duty.  Except as stated herein, Defendants deny the allegations contained in Paragraph 20.

**ANSWERING:**
**COUNT II:**
**NEGLIGENT FAILURE TO WARN**

9

21.    Answering Paragraph 21, Defendants incorporate their responses to Paragraphs 1-20 as if set forth fully herein.

22.    Answering Paragraph 22, Defendants deny the allegations contained therein.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

23.    Answering Paragraph 23, Defendants deny the allegations contained therein.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

24.    Answering Paragraph 24, Defendants deny the allegations contained therein.

25.    Answering Paragraph 25, as it relates to Defendants, inclusive of any subpart thereto, Defendants deny the allegations contained therein.

### ANSWERING:
### COUNT III
### <u>MISREPRESENTATION AND SUPPRESSION</u>

26.    Answering Paragraph 26, Defendants incorporate their responses to Paragraphs 1-25 as if set forth fully herein.

10

27.     Answering Paragraph 27, Defendants deny the allegations contained therein. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

28.     With regard to the allegations contained in Paragraph 28 of the Complaint, Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants also state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Defendants deny the allegations contained in Paragraph 28, inclusive of any subpart thereto.

29.     Answering Paragraph 29, inclusive of any subpart thereto, Defendants deny the allegations contained therein.

30.     Answering Paragraph 30, inclusive of any subpart thereto, Defendants deny the allegations contained therein.

31.     Answering Paragraph 31, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding Decedent's knowledge and therefore deny the

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

same.  Except as admitted herein, Defendants deny the allegations contained in Paragraph 31.

32.    Answering Paragraph 32, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegation contained therein regarding Decedent's reliance and therefore deny the same.  Except as admitted herein, Defendants deny the allegations contained in Paragraph 32.

33.    Answering Paragraph 33, Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have such duties as are imposed by applicable law, but deny that they breached any such duty. Except as stated herein, Defendants deny the allegations contained in Paragraph 33.

34.    Answering Paragraph 34, Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein and therefore deny the same.  Except as stated herein, Defendants deny the allegations contained in Paragraph 34.

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

35.     Answering Paragraph 35, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding reliance by health care professionals and consumers and therefore deny the same.  Except as stated herein, Defendants deny the allegations contained in Paragraph 35.

36.     Answering Paragraph 36, Defendants deny the allegations contained therein.

## ANSWERING:
## COUNT IV:
## **BREACH OF WARRANTY**

37.     Answering Paragraph 37, Defendants incorporate their responses to Paragraphs 1-36 as if set forth fully herein.

38.     Answering Paragraph 38, Defendants state that Celebrex® was and is safe and effective when used in accordance with their FDA-approved prescribing information.  Except as admitted herein, Defendants deny the allegations contained in Paragraph 38.

39.     Answering Paragraph 39, Defendants state that Celebrex® was and is safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

regarding Decedent's knowledge and therefore deny the same. Except as admitted herein, Defendants deny the allegations contained in Paragraph 39.

40. With regard to the allegations contained in Paragraph 40 of the Complaint, Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Defendants deny the allegations contained in Paragraph 40.

41. With regard to the allegations contained in Paragraph 41 of the Complaint, Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as stated herein, Defendants deny the allegations contained in Paragraph 41.

42. Answering Paragraph 42, Defendants deny the allegations contained therein.

### ANSWERING:
### COUNT V:
### <u>BREACH OF EXPRESS WARRANTY</u>

43. Answering Paragraph 43, Defendants incorporate their responses to Paragraphs 1-42 as if set forth fully herein.

44. Answering Paragraph 44, Defendants state that Celebrex® was and is safe and effective when used in accordance with their FDA-approved

14

prescribing information. Defendants also state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as stated herein, Defendants deny the allegations contained in Paragraph 44.

45.     Answering Paragraph 45, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding reliance and therefore deny the same. Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Defendants deny the allegations contained in Paragraph 45.

46.     Answering Paragraph 46, Defendants deny the allegations contained therein.

## ANSWERING:
## COUNT VI:
## <u>FRAUD</u>

47.     Answering Paragraph 47, Defendants incorporate their responses to Paragraphs 1-46 as if set forth fully herein.

48.     Answering Paragraph 48, Defendants deny the allegations contained therein.

15

49.     Answering Paragraph 49, Defendants deny the allegations contained therein.

50.     Answering Paragraph 50, Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have such duties as are imposed by applicable law.  Except as stated herein, Defendants deny the allegations contained in Paragraph 50.

## ANSWER:
## COUNT VII:
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
## (AEMLD)

51.     Answering Paragraph 51, Defendants incorporate their responses to Paragraphs 1-50 as if set forth fully herein.

52.     Answering Paragraph 52, Defendants state that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained therein regarding Decedent's alleged use of Celebrex® and therefore deny the same.  Defendants incorporate their response to Paragraphs 2-6.  Except as admitted herein, Defendants deny the allegations contained in Paragraph 52.

16

53.     Answering Paragraph 53, Defendants deny the allegations contained therein.

### ANSWERING:
### DEMAND FOR RELIEF

Defendants deny that the Plaintiff is entitled to the relief demanded in the unnumbered WHEREFORE clause and its subparts.

### DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendants in this matter. Defendants therefore assert the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendants will withdraw any of these defenses as may be appropriate.

1.     Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations and/or repose or by the equitable doctrines of laches, waiver and estoppel.

3.     Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

third persons or parties over whom Defendants had no control or right to control and whose actions are not, therefore, imputable to Defendants.

4.     Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Decedent herein. Additionally, as manufacturers and not sellers, Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between Plaintiff or Decedent and Defendants.  If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give timely notice of any breach thereof as required under <u>Ala</u>. <u>Code</u> § 7-2-607.

5.     Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff or Decedent or those acting at the direction or control of Plaintiff or Decedent, whose contributory negligence or fault is sufficient to bar any recovery by Plaintiff.

6.     Plaintiff's injuries, if any, were due to an unforeseeable idiosyncratic reaction of Decedent, or by an unforeseeable disease or illness, unavoidable accident, or pre-existing and/or unrelated conditions, or natural courses of conditions of Decedent, and were independent of any conduct by Defendants.

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

7.     Plaintiff and Decedent failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

8.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

9.     Celebrex® is safe when used as directed, was suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Defendants reasonably assumed that their warnings would be read and heeded; therefore, Celebrex® is not and was not defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

10.     As a prescription pharmaceutical, Celebrex® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration.   Accordingly, Plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution.

11.     Both Celebrex® and Defendants' actions conformed to the state-of-the-art medical and scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with applicable product safety statutes and

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

regulations as described in Restatement (Third) of Torts: Products Liability
§ 4.

12.    Plaintiff's claims are barred by Decedent's assumption of the
risk.

13.    Plaintiff's claims are barred in whole or in part because
Celebrex® "provides net benefits for a class of patients" within the meaning
of the Restatement (Third) of Torts: Product Liability § 6, Comment f.

14.    Plaintiff's claims are barred in whole or in part by the "learned
intermediary" doctrine.

15.    The imposition of punitive damages pursuant to current
Alabama law violates the Due Process and Equal Protection provisions of
U.S. Const. Amend. XIV; to wit, these Defendants have not been given fair
notice of the standard of conduct which could subject them to a claim for
punitive damages, and have not been given fair notice of the amount of
punitive damages that may accompany a finding of liability.  Alabama's
current laws regarding punitive damages do not serve a rational or legitimate
state interest.

16.    Plaintiff's claims for punitive damages violate these
Defendants' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

Amendment of the Constitution of the United States of America and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

17. Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to: *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Further, Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages, which arise under the Constitution of Alabama, Alabama state statutes, and the decision of Alabama state courts.

18. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

21

19.    Plaintiff's claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

20.    If Plaintiff or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by operation of nature or other supervening or intervening conduct of persons other than Defendants, and for whose conduct Defendants are not responsible, or with whom Defendants have no legal relation or legal duty to control.

21.    If Plaintiff or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on their behalf.

22.    Plaintiff's claims are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff or Decedent.

23.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

24.    Plaintiff's claims are barred, in whole or in part, because Plaintiff nor Decedent incurred any ascertainable loss as a result of Defendants' conduct.

25.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling packaging, and any advertising of Celebrex® complied with the applicable codes, standards and regulations established, adopted or promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

26.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

27.    Plaintiff's claims must be dismissed because Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

28.    Plaintiff's claims are barred because the utility of Celebrex® outweighed its respective risks.

29.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

23

30.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

31.     The liability of Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's or Decedent's alleged damages, if any, are determined. Defendants seek an adjudication of the percentage of fault of the Plaintiff or Decedent and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff or Decedent.

32.     Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other person or entity.

33.     Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et. seq.*, the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

34.     The warning, labeling, advertising and sale of the subject pharmaceutical product at issue complied at all times with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 300 *et seq.* and the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.* Consequently Plaintiff's Complaint

24

is preempted by these acts and compliance with these acts constitutes a complete or partial defense to the allegations of Plaintiff's Complaint against Defendants, including any claim for punitive damages. Alternatively, Defendants are entitled to a presumption that the subject pharmaceutical product at issue is not defective or unreasonably dangerous and that its labeling was adequate.

35.     Plaintiff's claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

36.     Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations and rules.

37.     To the extent that Plaintiff asserts claims based on Defendants' alleged adherence or lack of adherence and compliance with federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

38.     Plaintiff's claims are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and

25

regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article IV, clause 2, and the laws of the United States.

39.   Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

40.   Defendants state on information and belief that any injuries, losses or damages suffered by Plaintiff or Decedent were proximately caused, in whole or in part, by the failure of Decedent to exercise ordinary care and follow the advice, information, warning and/or instructions provided with the subject pharmaceutical product and therefore, Plaintiff's recovery, if any, must be diminished by the proportion of the negligence of Decedent, which proximately caused or contributed to the alleged injuries, losses or damages.

41.   Plaintiff failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already

26

parties to the action and will result in prejudice to Defendants in any possible future litigation.

42. If any pharmaceutical product manufactured or sold by Defendants was involved in the incident alleged in the Complaint herein, which Defendants deny, then and in any event, said pharmaceutical product was not defective at the time that it left the control of Defendants.

43. Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

44. Plaintiff's claims against Defendants are barred under § 6(c) of the Restatement of Torts (Third): Products Liability.

45. Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

46. Plaintiff's claims are barred under § 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

27

47.     Defendant alleges that in the event that reliance was placed upon its nonconformance to an express representation, this action is barred since there was no reliance upon representation, if any, of Defendants.

48.     Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance with any express representation.

49.     Plaintiff's claims are barred in whole or in part because all acts or omissions by Defendants (or its agents or representatives) were privileged or justified and any claim based thereon is barred.

50.     Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to bring such claims.

51.     Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff.  Additionally, as a manufacturer and not a seller, Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between Plaintiff or Decedent and Pfizer.  If any such warranties were made, whether express or implied, which Pfizer specifically denies, then Plaintiff or Decedent failed to give timely notice of any breach thereof.

52.     Plaintiff was under a duty to preserve the claimed defective pharmaceutical product and other evidence which, upon information and

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

belief, has since been destroyed. The destruction of the pharmaceutical product and other evidence was caused by a breach of that duty by Plaintiff or Decedent, or those acting on her behalf. Destruction of evidence mandates dismissal of Plaintiff's Complaint or alternatively preclusion of any evidence relating to the allegedly defective pharmaceutical product at the trial of this action.

53. Defendants intend to rely upon such other affirmative defenses as may become available or apparent during the course of investigation, discovery, or trial, and reserve the right to amend the Answer to assert such other defenses to which it may be entitled.

## **JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice and that they be awarded their costs and any other forms of relief to which they may be entitled.

Respectfully submitted this 23rd day of April, 2007.

/s/ G. Steven Henry
Lawrence B. Clark
G. Steven Henry
Attorneys for G.D. Searle,
LLC,

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007

Pharmacia Corporation and
Pfizer, Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 20th Street North
Birmingham, Alabama 35203
(205) 328-0480
(205) 322-8007

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing was served by placing a copy in the US Mail, postage paid, on this 24th day of April, 2007, to the following counsel of record:

Mr. Tom Dutton
Ms. Elisabeth French
PITTMAN, HOODS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(202) 328-2711 Facsimile
tomd@pittmanhooks.com

/s/ G. Steven Henry
OF COUNSEL

B GSH 744722 v1
2902026-000070 4/23/2007
B GSH 744722 v1
2902026-000070 4/23/2007